## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PLATE FABRICATION AND** | ) | |
| **MACHINING, INC.** | ) | |
| 1900 Kitty Hawk Avenue | ) | |
| Philadelphia, PA 19112 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **DOCKET NO.  2:05 CV 02276** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **ALLEN BEILER** | ) | |
| 125 Malcolm Forest Road | ) | |
| New Castle, DE 19420 | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE
## DEFENSES AND COUNTERCLAIM

Defendant, Allen Beiler, (hereinafter "Mr. Beiler" or "Defendant") by and through his undersigned counsel answers Plaintiff's, Plate Fabrication and Machining, Inc. (hereinafter "PFM" or "Plaintiff"), Civil Action Complaint; and in support thereof, states as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted that this Court is vested with jurisdiction pursuant to 28 U.S.C. § 1332(a) and that Plaintiff and Defendant are citizens of different states.  To the extent this averment refers to Plaintiff and Defendant in the plural, Defendant denies the averment in that there is only one Plaintiff and one Defendant identified in the caption and in the body of the Complaint.

4.    Admitted.

5.      Defendant admits that the amount in controversy is not yet known, but is in excess of fifty thousand dollars ($50,000) in terms of salary and bonus. Defendant denies that the amount in controversy is in excess of one hundred thousand dollars ($100,000).

6.      Defendant is without information or belief as to the truth of this averment. Plaintiff admits that while employed by PFM, that entity was in the business of acquiring steel and processing same.

7.      Defendant is without information or belief as to the truth of this averment.

8.      Admitted.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment regarding the reason that Plaintiff included the paragraphs referred to in this averment. Defendant acknowledges that the paragraphs referred to in this averment are included in the Employment Agreement.

10.     Defendant admits signing the Employment Agreement. Defendant denies that the agreement is unambiguous. Defendant denies any wrongful or illegal conduct, and in particular denies stealing from Plaintiff.

11.     Defendant denies any wrongful or illegal conduct. Defendant admits to using Wilmington Steel Processing Company, Inc.'s equipment during "off hours".

12.     Defendant admits that his employment was terminated at approximately 4 p.m. on or around April 11, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

13.     Defendant denies any and all wrongful conduct. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of

this averment.

      14.    Admitted.

      15.    Admitted that Defendant hired counsel.  The remainder of this averment is denied.

      16.    This is not a factual averment and as such no response required.

      17.    Denied.

      18.    Denied.

      19.    Denied.

      20.    This is not a factual averment and as such no response required.

      21.    Denied.

      22.    This is not a factual averment and as such no response required.

      23.    Denied.

      24.    Denied.

      25.    Denied.

      26.    This is not a factual averment and as such no response required.

      27.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

      28.    Plaintiff's Complaint fails to state a claim for which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

      29.    Plaintiff materially breached the Employment Agreement prior to any alleged breach by Defendant therefore the Employment Agreement is unenforceable

against Defendant.

## THIRD AFFIRMATIVE DEFENSE

30.     Unclean hands.  Plaintiff is guilty of inequitable conduct and therefore equitable remedy is unavailable.

## FOURTH AFFIRMATIVE DEFENSE

31.     The Employment Agreement is ambiguous and therefore cannot be enforced.

## FIFTH AFFIRMATIVE DEFENSE

32.     The terms of the non-compete clause in the Employment Agreement are unreasonable in terms of time and scope and therefore unenforceable.

## SIXTH AFFIRMATIVE DEFENSE

33.     Waiver and/or Acquiescence.  Plaintiff acquiesced to Defendant's utilization of the Plaintiff's use of machinery and materials during off hours.

**WHEREFORE**, Defendant Allen Beiler requests that the Complaint be dismissed and that judgment be entered in his favor.

## **COUNTERCLAIMS**

### FIRST COUNTERCLAIM
*(Breach of Contract)*

34.     Paragraph 3(c) of the Employment Agreement holds that Mr. Beiler's "[e]quity rights will accrue at rate [sic] of 4% per year if the company is profitable to a maximum of 20%.

35.     PFM was profitable during the year that Mr. Beiler was employed by PFM.

36.     PFM failed to perform under ¶ 3(c) of the Employment Agreement.

37.    Mr. Beiler's equity rights did not accrue at 4% during the year.

## SECOND COUNTERCLAIM
### (Breach of Contract)

38.    Paragraph 3(b) of the Employment Agreement holds that Mr. Beiler would receive , "[b]onus compensation equal to 20% of the annual fiscal profit of Company [sic]."

39.    PFM failed to perform under ¶ 3(b) for the 4th quarter of last year.

40.    Mr. Beiler received no bonus compensation for the 4th quarter of last year.

41.    PFM failed to perform under ¶ 3(b) for the period January 1, 2005 through and including April 11, 2005, including the Kvaerner Philadelphia Shipyard contract.

42.    Mr. Beiler received no bonus compensation for the period January 1, 2005 through and including April 11, 2005, including the Kvaerner Philadelphia Shipyard contract.

## THIRD COUNTERCLAIM
### (Fraud/Tortious Interference with Business)

43.    Mr. Beiler owns equipment/machinery that is still on PFM  property.

44.    This machinery consists of an engine lathe, a small drill press, and a dual pedestal grinder.

45.    On, June 9, 2005, Mr. Beiler contacted Wayne Vallieu of the firm Cushman & Wakefield, the property manager for the complex where PFM is located.

46.    The purpose of this contact was so that Mr. Beiler could retrieve his machinery.

47.    Mr. Vallieu contacted PFM's representative, Mr. Neary regarding this request.

48.    Mr. Neary stated that Mr. Beiler could retrieve his property any time during business hours.

49.    Mr. Beiler indicated that he would retrieve the property the following Tuesday, June 14, 2005.

50.    When Mr. Beiler showed up with a contract rigger to retrieve the property, he was informed by the security guard that Mr. Neary had represented that he had a lien on the property and that Mr. Beiler could not retrieve the property.

51.    There was no lien on the property at that time.

52.    There is not lien on the property as of June 22, 2005.

53.    PFM refuses to permit Mr. Beiler to retrieve his property.

54.    PFM knows that Mr. Beiler needs this machinery to operate his business.

55.    PFM knows of the existence of contractual and/or prospective contractual relations between Mr. Beiler and third parties.

56.    PFM's actions are purposeful, willful, wanton and specifically intended to harm the existing relationships, or to prevent a prospective relationship from occurring.

57.    PFM has no privilege or justification for withholding the equipment/machinery.

58.    Mr. Beiler has been damaged by this withholding and will be damaged in the future as a result of PFM's wrongful withholding of the equipment/machinery.

**WHEREFORE**, Defendant Allen Beiler requests judgment against Plate Fabrication and Machinery Inc. in an amount equal to a four percent (4%) ownership of Plate Fabrication and Machinery Inc. at the time his employment terminated, any and all bonus compensation due under the terms of the Employment Agreement, punitive and

consequential damages, costs and attorneys fees associated with prosecuting this cause of action, and any other amount that this honorable Court deems just.

MARGOLIS EDELSTEIN

 /s/ Walter J. Timby, III (code: WJT5429)
Walter J. Timby, III, Esquire
Attorney I.D. No.  23894
The Curtis Center - 4th Floor
Independence Square West
Philadelphia, PA 19106-3304
(215) 922-1100
Fax :  (215) 922-1772
*Attorney for Defendant*

*Of Counsel:*

Timothy J. Wilson, Esquire
MARGOLIS EDELSTEIN
1509 Gilpin Ave
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682

## CERTIFICATE OF SERVICE

I, WALTER J. TIMBY, III, ESQUIRE, hereby certify that a true and correct copy

of Defendant's Answer to Complaint with Affirmative Defenses and Counterclaim, was

sent to all parties, via United States mail, postage pre-paid, on June 22, 2005.

David T. Shulik, Esquire
Law Offices of David T. Shulik
1635 Market Street
19th Floor
Philadelphia, PA  19103

MARGOLIS EDELSTEIN

 /s/ Walter J. Timby, III (code: WJT5429)
Walter J. Timby, III, Esquire
Attorney I.D. No.  23894
The Curtis Center - 4th Floor
Independence Square West
Philadelphia, PA 19106-3304
(215) 922-1100
Fax :  (215) 922-1772
*Attorney for Defendant*