UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLATE FABRICATION AND MACHINING, INC. | : : : | |
| VS. | : : | NO. 2:05 CV 02276 |
| ALLEN BEILER | : | |

SUPPLEMENTAL MEMORANDUM OF LAW
OF DEFENDANT ALLEN BEILER

**I.   PROCEDURAL STATUS**

Defendant, Allen Beiler, submits this Supplemental Memorandum of Law to address questions and issues presented by Judge Sanchez during argument at the conclusion of the Hearing for Plaintiff's Request for Injunction and requests the Court's consideration in accepting this Supplemental Memorandum.

**II.   FACTUAL SUMMARY**

Allen Beiler concedes that during the course of his employment at Plate Fabrication between April 14, 2004 and April 11, 2005, he began a company, AB Fabrication, in competition with his employer, Plate Fabrication, and accepted two jobs, one from Trinity and one gun truck kit for Lawrence Livermore. These jobs have been at this time and by the time of litigation was commenced completed.

Allen Beiler concedes the two jobs and working for ABF Fabrication was in violation of Paragraph 9 of the Employment Agreement and that termination of April 11, 2005, and discontinuance of any compensation of salary were likely justified.

Plaintiff, however, seeks a remedy that requests injunctive and equitable relief of return of a contract and funds from a contract or corporate opportunity between AB

Fabrication to the litigation and Lawrence Livermore Laboratories related to a contract (purchase order) dated July 28, 2005, three months **after** Beiler's termination.

Defendant, Beiler, submits to the Court that his Employment Agreement, Paragraph 9, in particular, does not restrict his activities **after** Beiler's Employment Agreement with Plate was terminated and that AB Fabrication and Beiler were free to compete with Plate for all customers whether they were former customers of Plate or not and securing the July 2005 contract with Livermore for 88 additional gun trucks was not a corporate opportunity of Plate Fabrication but developed only after Beiler's efforts after termination.

### III.     ARGUMENT

  **A.     AB FABRICATION AND BEILER WERE FREE TO COMPETE WITH PLATE AFTER BEILER'S TERMINATION AS PARAGRAPH 9 DOES NOT RESTRICT BEILER'S ACTIVITIES POST-TERMINATION**

Paragraph 9 of the Employment Agreement is not a restrictive covenant as is commonly described in employment agreements as it does not contain any language which places restrictions on the business activities, future employment activities or restriction from entering into competition by Beiler **after** his termination from Plate. Paragraph 9 merely prohibits certain activities of Beiler **during** the course of his employment while employed by Plate.  Paragraph 9 merely binds Beiler from performing certain activities during his tenure at Plate similar to an exclusive services contract.  Breach thereof could and allegedly did result in termination of Beiler from Plate.  It provides nothing with regard to competition with Plate and Beiler's future employment activities.

All restrictive covenants that are to be enforceable and prohibit certain business activities of former employees contain restrictions on their activities for a reasonable period of time after the employee ceases employment for the employer.  A sample of a restrictive covenant is as follows:

> That the employee agrees during the term of this contract, **and for a period of two years thereafter** that he will not be engage in the same or similar type of business as the employer is engaged in...

Paragraph 9 does not use the word competition or restriction of Beiler's activities while no longer employed by Plate, and is merely an acknowledgment of his obligations while employed by Plate and during the course of the Employment Agreement to use full efforts on behalf of Plate exclusively.  Since there is no restrictive covenant with regard to competition by Beiler after his leaves the employment of Plate, Beiler is free to enter into any business activity of his choosing whether in competition or not with Plate.  Defendant was not subject to any covenant not to compete with Plaintiff once he left the company, so his formation of a competing company, and even the steps he took to form the company while still employed by Plate was not illegal.  Since there was no restriction on Beiler's post termination activities, Beiler and AB Fabrication were free to compete for the July 2005 Livermore contract and it does not constitute a corporate opportunity of Plate.

Defendant, Beiler, contends Paragraph 9 of the Agreement does not restrict his activities post termination and he is free to compete with Plate and accept and enter into a contract with Livermore in July 2005.

Defendant has submitted for the Court's review, Fidelity Fund, Inc. v. DiSanto, 347 Pa. Super. 112, 500 A.2d 431 (1985) in the Bound Case Digest. The Pennsylvania Superior Court concluded that because there was no non-compete agreement that the employee could use information he developed on his own before **and while** he worked for the employer.

The Superior Court held:

> That it is clearly the law of Pennsylvania that unless enjoined by a restrictive covenant or by the misuse of confidential information peculiar to the employer's business, an employee may, upon termination of employment, engage in rival business and acquire some of the former employer's customers. To enjoin such behavior, the Plaintiff must prove illegal activity.

The Plaintiff here as in Fidelity Fund, Inc., Supra. has failed its burden that Beiler's activity was illegal. The Superior Court in support of its position that the employee may compete with his former employer for former customers after termination cites the case of Spring Steels, Inc. v . Molloy, 400 Pa. 354, 162 A.2d 370 (1960) in the Case Digest and the Restatement of Agency Section 393, Section "e".

In Spring Steel, Supra. 400 Pa. at 363, 162 A.2d at 375, our Supreme Court specifically adopted comment "e" of Section 393 of the Restatement of Agency as the prevailing law of this Commonwealth:

> At the termination of his agency, in the absence of a restrictive agreement, the agent can properly compete with his principal as to matters for which he has been employed. See subsection 396. Even before the termination of the agency, he is entitled to make arrangements to compete, except that he cannot properly use confidential information peculiar to his employer's business and acquired therein. Thus, before the end of the employment, he can properly purchase rival business and upon termination of employment immediately compete...

B.  **THE CUSTOMER LIST OR CUSTOMER LAWRENCE LIVERMORE IS NOT CONFIDENTIAL INFORMATION IN PARAGRAPH 10 OF THE EMPLOYMENT AGREEMENT**

The testimony of Ken Neary, Beiler and the internet searches using search guides "Lawrence Livermore and gun truck kits" clearly reveal that Lawrence Livermore Laboratories and the contract project for gun truck kits were in the public domain and information that was easily accessible to the general public and not confidential information. It is difficult to accept that a contract/project of gun kits appropriated through the US House of Representatives Appropriations Committee is confidential to Plate.

Although Pennsylvania law provides protection of its confidential information under certain defined circumstances. MacBeth-Evans Glass Co. v. Schnelbach, 239 Pa. 76, 86 A.688 (1913) in Case Digest. Generally, the information must be in a particular secret of the employer, not a general secret of the trade, and must be of peculiar importance to the conduct of the employer's business. See also, Bell Fuel Corp. v. Cattolico, 375 Pa. Super. 238, 544 A.2d 450 (1988); Morgan's Home Equipment v. Martucci, 390 Pa. 618, 136 A.2d 838 (1957) in Case Digest.

Of course, whether customer information is protected depends on whether the information involved in the particular case fulfills the standard for protection as outlined in MacBeth-Evans, Supra. Where the information is not a particular secret belonging to the employer, developed through its efforts or investment, and of value to the continuation of th employer's business, no protection is afforded.

In Carl A. Coteryahn Dairy, Inc. v. Schneider Dairy, 415 Pa. 32, 203 A2.d 469 employer protection of certain dairy delivery route listings because it found that the

lists themselves were not a particular secret, being common knowledge and easily discoverable, and that the underlying customer relationships were actually developed and preserved by the former employees themselves.  See also <u>Spring Steels, Inc. v. Molloy</u>, Supra. (Case Digest) (Customer lists not protected where easily discoverable or found in trade directories; customer lists on periphery of law of unfair competition); <u>Agra Enterprises, Inc. v. Brunozzi</u>, 302 Pa. Super. 166, 448 A.2d 579 (1983) (customer lists that are publicly available are not particular secrets of the employer entitled to protection).

Clearly the gun truck kit contracts and knowledge of a national research and development laboratory such as Lawrence Livermore National Laboratories was a common knowledge, easily attainable through public directories, internet and not a trade secret or confidential information of Plate Fabrication.

### C. PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF PROOF UNDER THE STANDARDS OF FEDERAL RULE 65 FOR EQUITABLE RELIEF

#### a) The July 2005 Contract is Between Two Non-Parties

Plaintiff seeks disgorgement or return of funds or as Plaintiff counsel states "a return of the contract with Livermore for the 88 gun trucks."  This Relief is clearly not able to be granted.  Counsel seeks this relief from AB Fabrication who entered into the contract with Livermore, but is not a party hereto.

The only Defendant herein is Allen Beiler, not AB Fabrication, and it is clear that AB Fabrication a separate and properly formed legal corporate entity not Allen Beiler has entered into the contract (purchase order) with Lawrence Livermore National Laboratories.  To grant Plaintiff counsel's request to "return the contract" would damage two entities not a party to the litigation herein, AB Fabrication and

Livermore. Any injunctive relief of "return of the contract" would lead a breach of the contract between AB Fabrication and Livermore in violation of one of the standards of Rule 65.

> Whether granting preliminary relief will result in even greater harm to the non-moving party.

Here Plaintiff seeks to interfere in a contractual relationship between two entities that are not even parties and the Court may not order that a contract between two entities that are not before the Court "be returned".

### b) No Irreparable Harm Proven

Plaintiff has failed to meet its burden of a "showing of irreparable harm". Plaintiff presents evidence through two corporate officers that its reputation has been damaged with a single referral source, ISG and with Lawrence Livermore. This evidence was flimsy at best and lacking in substance and credibility, particularly since no one from the referral source appeared in Court other than reps of Plate and Wilmington to testify to this injury and referrals were received by Wilmington Steel, another non party, after the termination of Beiler.

Clearly, an Injunction worded in anyway is the proper relief for this Court.

## IV. PROPOSED FACTUAL FINDINGS AND CONCLUSIONS

1) Paragraph 9 of the Employment Agreement is not a restriction of Allen Beiler's business activities after his termination of April 11, 2005, by Plate Fabrication.

2) Allen Beiler, absent a restrictive covenant on its activities after termination on April 11, 2005, was free to compete with Plate Fabrication and to enter into contracts in the steel fabrication and machining business.

3)   Lawrence Livermore National Laboratories and the contract for steel fabrication and machining were not confidential customer identities or contract information to constitute confidential information.

4)   Allen Beiler absent any contractual restrictive covenants and acting on non-confidential information legally entered into a contract in July 2005, with Lawrence Livermore National Laboratories.

5)   Plaintiff has failed to meet its burden that it has sustained "irreparable harm" in any manner and that non-moving parties will not be damaged by the issuance of injunctive relief.

WHEREFORE, Defendant, Allen Beiler, request the Court to deny Plaintiff's Request for Injunctive Relief.

MARGOLIS EDELSTEIN

BY: /s/ Walter J. Timby, III (WJT5429)
   WALTER J. TIMBY, III, ESQUIRE
   (Attorney I.D. No. 23894)
   The Curtis Center, Fourth Floor
   Independence Square West
   Philadelphia, PA  19106
   (215) 922-1100
   Attorney for Allen R. Beiler